**DELAWARE AMERICAN INTERNATIONAL LIFE INSURANCE COMPANY, Plaintiff,**

v.

**Ross J. WOOD, Defendant.**

**Civ. A. No. C82–1899A.**

United States District Court, N.D. Georgia, Atlanta Division.

Jan. 27, 1984.

 

Douglas N. Campbell, Mitchell, Loggins, Campbell & Elsberry, H. Sanders Carter, Jr., Carter, Ansley, Smith & McLendon, Atlanta, Ga., for plaintiff.

Richard P. Decker, Decker, Cooper & Hallman, Robert A. Moss, Atlanta, Ga., for defendant.

## ORDER

MOYE, Chief Judge.

Before the Court in the above-styled civil action are cross-motions for complete or partial summary judgment, a motion to strike the affidavit of Ronald Kutney, and a motion by the defendant to compel discovery and for sanctions.

### Part I—Background

This is a diversity action involving coverage of $75,000.00 on the life of Kristofer Lee Wood ["Kristofer"] who died at the age of twenty-two of respiratory failure resulting from muscular dystrophy.

The plaintiff, Delaware American International Life Insurance Company ["Delaware American"] filed this action seeking a declaratory judgment that the coverage is void *ab initio* on the grounds that the coverage was not obtained by application or written consent of the insured as required by O.C.G.A. § 33–24–6 (Ga.Code Ann. § 56–2407), or in the alternative, that the applications contained material misrepresentations as prohibited by O.C.G.A. § 33–24–7 (Ga.Code Ann. § 56–2409). By way of counterclaim, the defendant, Ross J. Wood ["Wood"], seeks full payment of the coverage on the ground that at this time the coverage is incontestable. Wood also seeks a 25% bad faith penalty and reasonable attorney's fees under O.C.G.A. § 33–4–6 (Ga.Code Ann. § 56–1206) because Delaware American has refused to pay the proceeds.

The first application for insurance contained various representations as to Kristofer's health, was purportedly signed by "Kris L. Wood," and was dated March 25, 1979. The application also named Wood as beneficiary. Pursuant to and in reliance upon that application, Delaware American issued certificate no. 00708152, evidencing a face value of $50,000.00. Affidavit of Mr. Kutney, vice president of underwriting for Delaware American. The March 25, 1979 application contained the following pertinent questions and answers:

11. Have you consulted a physician for any illness during the past five years ... or do you know of any impairment in your health or physical condition?

Answer: No.

12. Have you ever been treated for or told of any heart disease, high blood pressure, diabetes, lung disease, cancer, ulcer or any other serious disorder?

Answer: No.

In addition, the policy contained the following incontestability clause:

> Except for nonpayment of premiums, this policy shall be incontestable after it has been in force during the lifetime of the insured for a period of two years from its date of issue.

The second application basically reaffirmed the health representations made in the first application. The second application was again purportedly signed by "Kris L. Wood," and it was dated May 2, 1981. The second application or "Additional Coverage Activator Form" contained the following language:

> Request hereby is made by the undersigned [Kris L. Wood] to increase the Life Insurance Benefits presently inforce under the Policy or Certificate indicated above [# 007008152—number of first certificate] in the amount of the Coverage Option selected [$75,000.00] ... I further state there has been no change in the condition of my health since the date of my original application for this Life Insurance except as outlined below [the outline was left blank].

After a new underwriting effort relying on the representations in the second application that his condition was the same as represented in the original application, Delaware American issued a second certificate, no. 7008152U, on September 1, 1981. Kutney Affidavit.

The Delaware American certificates were issued in the following sequence:

|  | Date of Application | Date of Issue | Face Value |
|---|---|---|---|
| 1st Certificate | 3–25–79 | 7–1–79 | $50,000.00 |
| 2nd Certificate | 5–2–81 | 9–1–81 | $75,000.00 |

The instant case is but one of six similar actions involving insurance coverage of Kristofer's life before this Court. The insurance companies estimate that Kristofer was insured by approximately fifteen companies with total coverage exceeding one-half million dollars. The Court briefly describes the similar actions in Part I of this Court's order in *Guarantee Trust Life Insurance Company v. Wood*, 631 F.Supp. 15 (N.D.Ga.1984).

In addition, this Court incorporates by reference and adopts into this opinion Part 1 § B of the *Guarantee Trust* order that sets out a history of the development of muscular dystrophy during Kristofer's life.

### Part II

### Section A

The Court first addresses Delaware American's argument that the contracted insurance coverage is void *ab initio* because Kristofer, the insured, neither signed the application nor consented in writing to the issuance of the coverage under O.C. G.A. § 33–24–6(a) (Ga.Code Ann. § 56–2407). Section 33–24–6(a) reads in relevant part as follows:

> No life ... insurance contract upon an individual, except a contract of group life insurance ..., shall be made or effectuated unless at the time of the making of the contract the individual insured ... applies for a life ... insurance contract or consents in writing to the contract....

The thrust of Wood's opposition to the argument is that the statute is not applicable to the instant coverage because the statute explicitly excludes its application to group policies and because Delaware American is barred from raising this argument in light of the incontestability clause contained in the initial certificate.

Delaware American points out that this case does not involve "pure group" insurance covering a number of individuals by means of a single or blanket insurance policy in which individuals do not specifically apply for certain coverage. Rather, Delaware American points out that the insurance at bar was issued as a trusted group policy in which an individual applies for the coverage of his choice and each application undergoes separate underwriting, as in the case of individual insurance. Delaware American maintains that the trust group policy at bar falls squarely within the intended meaning of the legislative protection afforded individual insureds in individual insurance contracts under section 33–24–6(a).

The Court in the case of *Connecticut General Life Insurance Company v. Wood*, 631 F.Supp. 9 (N.D.Ga.1984), addressed the same arguments and decided after a careful review of the public policy underlying the statute and the individual nature of the coverage in that case that section 33–24–6(a) applies to "franchise" insurance, which is virtually identical to the "Trusted Group Insurance" described in the instant case. In addition, the Court in *Connecticut General* concluded on public policy grounds that an incontestability clause is no bar to the instant argument. Consistent with the *Connecticut General* order, this Court holds that the Delaware American coverage is void *ab initio* in this case where it is undisputed that Kristofer, the insured, neither signed nor consented in writing to the issuance of the coverage as required by O.C.G.A. § 33–24–6(a).

In light of the above holding, the Court need not address Delaware American's alternative arguments.

### Section B

Wood seeks a 25% penalty plus all reasonable attorneys' fees pursuant to O.C.G.A. § 33–4–6 (Ga.Code Ann. § 56–1206) because Delaware American refused in bad faith to pay the $75,000.00 proceeds from the insurance coverage. However, in light of the Court's decision that the coverage is void *ab initio*, Wood is not entitled, as a matter of law, to a bad faith penalty and attorneys' fees in this case. There is no evidence of bad faith on the part of Delaware American in this action.

### Part III—Conclusion

In summary, the Court concludes that the Delaware American Life Insurance coverage of Kristofer in the amount of $75,000.00 is void *ab initio*, and that Wood is not entitled to a penalty and attorneys' fees under O.C.G.A. § 33–4–6. Therefore, Delaware American's motion for summary judgment is GRANTED and Wood's motion for summary judgment is DENIED. The motion to strike the affidavit of Ronald Kutney is DENIED for the same reasons

the Court denied a similar motion in the *Guarantee Trust* case. *See* footnote 1 in the *Guarantee Trust* order. And, the motion to compel discovery is DENIED without prejudice for failure to comply with Part IA(6) of this Court's Pretrial Instructions. *See also* Local Rule 91.62.